## MICHAEL R. PATTERSON v. JOSEPH DONAHUE AND ANOTHER.

190 N. W. (2d) 864.

October 8, 1971—No. 42640.

*Miley & Reding* and *James A. Reding,* for appellants.

*Bentson & Kalina* and *A. Leonard Bentson,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

KELLY, JUSTICE.

Defendants appeal from a judgment in plaintiff's favor and the denial of their motion for a new trial. Reversal is sought on the grounds that plaintiff's attorney argued to the jury the effect of a special verdict, the trial court refused an instruction to the jury specifically removing from them the right to consider future earning capacity, and the damages were given under influence of passion and prejudice and are excessive. We affirm.

On November 15, 1967, plaintiff, Michael R. Patterson, was driving his car on a service road after leaving his employer's plant. He stopped his car near a stop sign at the point where the service road intersects with Old Shakopee Road and waited for a car on Old Shakopee Road to pass. While he was waiting, plaintiff's automobile was struck from the rear by an automobile operated by defendant Joseph Donahue. The force of the blow pushed plaintiff's automobile 45 feet ahead where it came to a stop on Old Shakopee Road. The impact caused plaintiff to be thrown forward in the automobile, and his head scraped the top of the car. At the trial defendants claimed that plaintiff lingered

unnecessarily at the intersection and that before the collision plaintiff stopped, started, and then stopped, thus confusing the defendant driver.

When plaintiff arrived home after the accident, he had a stiff neck and soon developed severe headaches. Testimony at the trial illustrated prolonged pain and several unsuccessful attempts at treatment. Plaintiff underwent two operations which failed to provide permanent relief. Medical expenses and lost wages totaled over $8,000.

Defendants contend that prejudicial error occurred when plaintiff's attorney in his argument to the jury explained the effect of a special verdict in the following manner:

"It is grasping at straws to try to show some negligence on his [plaintiff's] part. As counsel explained, we have comparative negligence, and we will go over the proposed verdict.

"You will see what this comparative negligence is. Where there is a percentage. What percent of it is plaintiff's negligence if you find plaintiff negligent was the causation here. What percent of negligence caused by the defendant was the causation factor here. He is trying to show that there might be some percentage [so] as to reduce the amount of damages. It is a wishful thought on the part of the defendant. But, there is no basis and no reason for wasting very much of my time this afternoon with you on it, because I just can't visualize negligence, but pure and simple negligence on the part of the defendant as he drove his car."

■ References to the legal effect of a verdict by counsel during oral argument are improper.[1] Whether or not such improper

---

[1] See, Johnson v. O'Brien, 258 Minn. 502, 105 N. W. 2d 244 (1960). See, also, DeGroot v. Van Akkeren, 225 Wis. 105, 273 N. W. 725 (1937) where the Wisconsin Supreme Court disapproved of the reading of its comparative negligence statute to the jury.

This case was decided in the court below before the enactment of L. 1971, c. 715, which purports to amend Minn. St. 1969, § 546.14, although by statutory authority this provision was superseded as of January 1,

argument constitutes grounds for a new trial is a matter resting almost wholly in the discretion of the trial court.[2] In this case, where the issue of negligence of the parties is fairly clear, the trial court was not obligated to grant a new trial because of counsel's remark that a finding of negligence on the part of the plaintiff would reduce his damages.

■ Neither was the trial court required to grant cautionary instructions to negate counsel's improper remark. The necessity of such instruction is a matter within the trial court's discretion.[3] The trial court acted within its discretion by instructing generally on the matter.

■ Both parties agreed that future earnings were not at issue in the trial. The trial judge instructed the jury to consider lost wages only up to the date of the trial. Defendants contend that it was reversible error for the trial court to refuse to issue specific cautionary instructions removing the issue of plaintiff's future earning capacity from the jury's consideration. The need for such instructions is said to arise from the following line of argument:

"[Plaintiff's counsel]: * * * Mr. Patterson got laid off in February, on February 20th. Let's sit down and see how we turn out? No, he has been out hunting for work. He has went to four or five places—I don't remember, use your best recollection, I have not got notes, but he told you. He didn't get work. He told them what was wrong and he didn't get work.

"[Defendants' counsel]: If it please the Court, I object to that line of argument. I thought there was no testimony in this case in regard to that.

"THE COURT: Well—

1952, by promulgation by this court of Rule 51, Rules of Civil Procedure.

[2] See, Jangula v. Klocek, 284 Minn. 477, 483, 170 N. W. 2d 587, 591 (1969).

[3] See, Sroga v. Lund, 259 Minn. 269, 271, 106 N. W. 2d 913, 915 (1961); Mattfeld v. Nester, 226 Minn. 106, 130, 32 N. W. 2d 291, 307 (1948).

"[Plaintiff's counsel] : There was no argument that he lost wages. I am testifying that he went looking for work and he didn't get work. He testified and told them what was wrong with him and that is where I stopped. I will go no farther with this argument.

"THE COURT: All right."

The explanation of counsel which satisfied the trial court negates any possibility of prejudice.

■ Defendants further argue that the award of $57,500 was excessive and caused by bias, passion, and prejudice. The jury heard evidence of great pain and inconvenience. Plaintiff underwent extensive treatment and two dangerous operations. The award is not so excessive that bias, passion, and prejudice are conclusively demonstrated.

■ We have affirmed the trial court's decision on the merits of the parties' arguments. It is, however, appropriate once again to reiterate our views on the propriety of counsel's questioning a juror after the verdict is rendered.[4] Both parties in this case submitted affidavits of their attorneys which relate conversations with a juror. The proper course of action would have been to request from the trial court a hearing to determine the validity of the verdict. During this hearing the jurors could be examined in the presence of the court and all counsel. Attorneys should not take the initiative in questioning jurors. The remote possibility that misconduct requiring reversal may be undetected is more than offset by the importance of shielding jurors from harassment. Moreover, if the procedure outlined in Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 104 N. W. 2d 301 (1960), is followed, litigants will not be precluded from asserting jury misconduct because of the actions of their attorneys.

Affirmed.

---

[4] See, Schwartz v. Minneapolis Suburban Bus Co. 258 Minn. 325, 328, 104 N. W. 2d 301, 303 (1960).