**Clifford P. BAKER, Appellant,**

v.

**John Patrick GILE, et al., Respondents.**

No. 47023.

Supreme Court of Minnesota.

Aug. 12, 1977.

Rerat Law Firm and Marlon O. Haugen, Minneapolis, for appellant.

F. Martin Senn, Waseca, for respondents.

Heard before KELLY, TODD, and PLUNKETT, JJ., and considered and decided by the court en banc.

## J. JEROME PLUNKETT, Justice.*

In March 1971, plaintiff, Clifford P. Baker, was a passenger in an automobile which was struck on the right side by an automobile driven by defendant John P. Gile. Plaintiff commenced this action to recover for injuries allegedly resulting from the collision.

Trial of the lawsuit commenced in April 1976. The trial court directed a verdict in favor of plaintiff on the issue of liability and submitted the question of damages to the jury. The jury assessed plaintiff's damages in the sum of $800. Plaintiff made a motion for a new trial on the grounds of inadequate damages and misconduct of a juror. The trial court denied the motion and plaintiff appeals. We affirm.

After rendition of the verdict, plaintiff's counsel contacted three of the six jurors by telephone. Before making the phone calls plaintiff's counsel had no information tending to establish jury misconduct. His only concern was the low amount of the verdict. After conversations with the three jurors, plaintiff made a motion for a new trial based partially on the grounds that the foreman of the jury did not divulge part of his educational background and that such act constituted jury misconduct.

The trial court, over objection of defendants' counsel, conducted an examination of the foreman of the jury pursuant to *Schwartz v. Suburban Bus Co.,* 258 Minn. 325, 104 N.W.2d 301 (1960). Thereafter, the trial court denied the motion for a new trial.

It is appropriate at this time to once again set forth the guidelines to be followed in cases of alleged jury misconduct. In 1960, this court in the *Schwartz* case said:

"* * * [W]e are of the opinion that it is undesirable to permit attorneys or investigators for a defeated litigant to harass jurors by submitting them to interrogation of this kind without more protection for the ascertainment of the facts than appears in this case. We do not wish to encourage or approve the practice of so doing. Cases may and do arise where a juror's untruthful answering of questions propounded upon a voir dire examination will prevent a litigant from having a fair trial. Where such cases arise, and the facts come to light after the rendition of a verdict, some method of obtaining relief obviously should be available. However, rather than permit or encourage the promiscuous interrogation of jurors by the defeated litigant, we think that the better practice would be to bring the matter to the attention of the trial court, and, if it appears that the facts justify so doing, the trial court may then summon the juror before him and permit an examination in the presence of counsel for all interested parties and the trial judge under proper safeguards. If that were done, a situation such as we have here could not arise. A record then could be made which could be presented to this court if any doubt existed about the correctness of the trial court's ruling after such hearing." 258 Minn. 328, 104 N.W.2d 303.

In 1971, this court reiterated the rule in *Olberg v. Minneapolis Gas Co.,* 291 Minn. 334, 343, 191 N.W.2d 418, 424 (1971), wherein we said:

"The time that a verdict loser should approach the court to request a *Schwartz* hearing should be when the first suspicion of misconduct arises. Nothing should prevent the trial court from ordering a *Schwartz* hearing on the grounds of an oral assertion by counsel or hearsay affidavit.

"A defeated litigant's attorney should never interrogate a juror or telephone him for the purpose of gathering evidence for a request for a *Schwartz* hear-

* Acting as Justice of the Supreme Court by appointment pursuant to Minn.Const. art. 6, § 2, and Minn.St. 2.724, subd. 2.

ing. Nor should an attorney have an investigator do this on his behalf. The trial courts should use their discretion and good judgment to prevent the necessity of such actions and should be liberal in granting a hearing.

"Many cases may arise where there is utterly no suspicion of jury misconduct. It may be argued that in such situations a *Schwartz* hearing is possible only after a juror has been contacted by the losing party. The answer to this argument is simply that attorneys should not be allowed to contact and harass jurors who render verdicts of a nonsuspicious nature."

It appears clear in the instant case that there was nothing suspicious in the jury verdict, yet plaintiff's counsel contacted three of the jurors. It was solely upon this contact that plaintiff makes the claim of jury misconduct. It should be noted that one of the female jurors contacted by plaintiff's counsel made a complaint to the trial court that she was very upset about the telephone call from plaintiff's counsel. This is the very sort of harassment that the *Schwartz* rule intended to stop.

■ 1. This court declines to consider plaintiff's claim of alleged jury misconduct, because plaintiff's counsel failed to follow the procedure set forth in the *Schwartz* and *Olberg* cases. We strongly suggest that trial courts decline petitions for *Schwartz* hearings based upon information obtained improperly, as in this case.

■ 2. The only other issue on appeal is the claim that the jury verdict as to damages was insufficient. The nature and extent of plaintiff's personal injuries were very much in dispute. Also in dispute was the causal relationship of the collision in 1971 to the alleged condition of plaintiff at the time of trial. Plaintiff was treated by many doctors, but only one doctor testified on his behalf, and this doctor had only seen plaintiff once, 6 weeks before trial, and prescribed no treatment. A jury issue was clearly presented by the evidence. Its finding is consistent with the evidence and will not be disturbed.

Affirmed.