Barbara J. ARNEY, et al., Appellants,

v.

Richard C. HELBIG, Respondent.

No. C8–85–816.

Court of Appeals of Minnesota.

March 4, 1986.

---

for a *Schwartz* hearing or a new trial or a JNOV. We affirm.

## FACTS

Barbara Arney and Richard Helbig were involved in an accident when their cars collided at an intersection in downtown Stillwater, Minnesota. Barbara and Richard Arney sued Helbig for the damages Barbara Arney incurred.

At trial, the jury was presented with conflicting testimony. Barbara Arney testified that she had a green light when the collision occurred. An eyewitness also testified for the Arneys. He stated that he was driving behind Helbig's car with one car in between his vehicle and the Helbig car. He testified that the traffic light was red when Helbig's car proceeded into the intersection. Helbig and the three passengers in his car all testified that the traffic light was green for Helbig's car when it entered the intersection.

The jury returned a special verdict finding that Barbara Arney was 100% negligent, that Helbig was not negligent, and that Barbara Arney's negligence was the direct cause of her injuries. Counsel for the Arneys thought that the verdict had "an odor about it" and to satisfy his suspicions he contacted a juror to see how the jury arrived at the amount of damages and how they credited the eyewitness's testimony. Allegedly, the juror indicated that the verdict was arrived at to ensure the Arneys would receive some insurance benefits and not because the jurors had disbelieved the Arneys' eyewitness or really believed that Barbara Arney was negligent.

Based on this information, the Arneys moved for a *Schwartz* hearing and a new trial or a JNOV. The trial court denied all three motions.

## ISSUES

1. Did the trial court abuse its discretion when it denied the Arneys' request for a *Schwartz* hearing?

David A. O'Connor, St. Paul, for appellants.

Mark A. Fonken, Jardine, Logan & O'Brien, St. Paul, for respondent.

Heard, considered and decided by LANSING, P.J., HUSPENI and LESLIE, JJ.

## OPINION

HUSPENI, Judge.

Appellants, Barbara and Richard Arney, brought suit against respondent, Richard Helbig, for injuries and damages Barbara Arney received in a car collision. The jury found Barbara Arney 100% negligent. On appeal, the Arneys contend that the trial court erred when it denied their motions

2. Did the trial court abuse its discretion when it denied the Arneys' motions for a new trial or JNOV?

## ANALYSIS

### I.

### SCHWARTZ HEARING

The Arneys argue that the trial court erred when it refused to grant a *Schwartz* hearing based on the information the Arneys' counsel obtained when he contacted one of the jurors.

■ The granting of a *Schwartz* hearing is within the discretion of the trial court. *Zimmerman v. Witte Transportation Co.,* 259 N.W.2d 260, 262 (Minn.1977). Trial courts are encouraged, however, to be liberal in granting such a hearing. *Id.* at 263. An oral assertion by counsel or a hearsay affidavit is a sufficient basis for granting such a hearing. *Id.*

■ The *Schwartz* hearing was created to stop the practice of attorneys contacting and questioning jurors after a verdict has been rendered. The courts of this state are staunchly committed to shielding jurors from harassment once they are discharged. In compliance with this policy, attorneys should never contact and interrogate a juror for the purpose of gathering evidence for a *Schwartz* hearing. *See Zimmerman,* 259 N.W.2d 260; *Patterson v. Donahue,* 291 Minn. 285, 190 N.W.2d 864 (1971); *Olberg v. Minneapolis Gas Co.,* 291 Minn. 334, 191 N.W.2d 418 (1971); *Schwartz v. Minneapolis Suburban Bus Co.,* 258 Minn. 325, 104 N.W.2d 301 (1960).

■ This policy does not preclude jurors from ever speaking with an attorney after a verdict is rendered. Minnesota Civil Trialbook § 36(3), states that when discharging the jury, "the judge shall * * * advise the jurors that they may, but need not speak with anyone about the case." Although attorneys may not contact jurors, the supreme court states:

It is not improper * * * for an attorney to question jurors who take the initiative by approaching or telephoning the attorney to report facts which they believe constitute misconduct.

*Zimmerman,* 259 N.W.2d at 263 (citing *Olberg,* 291 Minn. at 344, 191 N.W.2d at 425).

We recognize that there may be instances where there is no suspicion of juror misconduct and the only way to discover misconduct is to contact jurors. This risk is outweighed by the importance of protecting jurors.

The remote possibility that misconduct requiring reversal may be undetected is more than offset by the importance of shielding jurors from harassment.

*Patterson,* 291 Minn. at 289, 190 N.W.2d at 867. *See also Olberg,* 291 Minn. at 344, 191 N.W.2d at 425.

■ In the present case, the Arneys' attorney had no actual knowledge of juror misconduct. He only felt that the verdict "had an odor about it" and he contacted a juror to gather evidence to support his suspicions. His actions were in direct contradiction of the policy shielding jurors from harassment. In *Baker v. Gile,* 257 N.W.2d 376 (Minn.1977), an attorney also contacted a juror to obtain evidence to support his suspicion of juror misconduct. In *Baker,* the supreme court stated:

We strongly suggest that trial courts decline petitions for *Schwartz* hearings based upon information obtained improperly, as in this case.

*Id.* at 378.

In consideration of the strong policy against attorneys contacting jurors and the facts of this case, we conclude that the trial court did not abuse its discretion when it denied the Arneys' motion for a *Schwartz* hearing.

### II.

### MOTIONS FOR A NEW TRIAL OR JNOV

The Arneys argue that if a *Schwartz* hearing was granted and juror misconduct was found, then a JNOV would be appropriate. Because we find that the trial

court did not abuse its discretion in denying the *Schwartz* hearing, we need not address this argument.

The Arneys also contend that the trial court erred when it denied them a new trial because the testimony of their eyewitness proved by a preponderance of the evidence that Barbara Arney was not negligent.

The trial court has discretion in deciding whether to grant a new trial. On appeal this court's standard of review is narrow and the trial court's decision will be reversed only if there is a clear abuse of discretion. *Connolly v. Nicollet Hotel*, 258 Minn. 405, 104 N.W.2d 721 (1960). A new trial should be granted if:

> the verdict is so contrary to the preponderance of the evidence as to imply that the jury failed to consider all the evidence or acted under some mistake or from some improper motive, bias, feeling or caprice * * *.

*LaValle v. Aqualand Pool Co.*, 257 N.W.2d 324, 328 (Minn.1977).

In the present case, the jury was presented with a great deal of conflicting testimony about who had the right of way when the collision occurred. Helbig and his passengers testified that they had a green light. Barbara Arney and her eyewitness testified that Barbara had a green light.

The jury had the opportunity to assess the credibility of the witnesses and resolve the conflicting testimony. Under these circumstances, we are obliged to affirm the jury's findings. *See Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 508, 232 N.W.2d 236, 239 (1975). Upon review of the record, we conclude that there was sufficient evidence to reasonably support the jury's verdict.

### DECISION

The trial court did not abuse its discretion when it denied the appellants' motion for a *Schwartz* hearing nor when it denied appellants' motions for a JNOV or a new trial.

Affirmed.