Kevin I. MILEY, Respondent,

v.

Clay H. GRABILL, et al., Appellants.

No. CX–86–620.

Court of Appeals of Minnesota.

Aug. 19, 1986.

James J. Boyd, St. Paul, for respondent.

Daniel D. Reisman, Minneapolis, appellants.

Heard, considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

The jury returned a verdict in a personal injury case against appellant. A juror stated later that the trial court gave instructions during deliberation without presence of counsel or a court reporter. Appellant submitted the juror's affidavit in support of a motion for a new trial. The trial court denied the motion. We affirm.

## FACTS

In December 1983, respondent was injured in a motor vehicle accident. He sued appellant, and the jury found appellant was 90 percent at fault. The jury determined that $100,135.83 would compensate respondent, and the trial court determined that respondent's judgment award should be $87,518.25.

Counsel for appellant contacted the jury foreman several months later. The juror

observed these events: during its deliberations, the jury inquired of the trial court whether they could award plaintiff an annuity. The trial court replied that they could not award an annuity and should award a lump sum reduced to present cash value. The trial court did not call the parties' counsel or the court reporter before giving the additional instructions.

Appellant took an affidavit from the jury foreman and submitted it to the trial court with a motion for a new trial. The trial court denied the motion, saying it could not confirm from the records that the additional instructions were given, that the court has a practice to contact counsel before additional instructions are given in a case, and that additional instructions without that contact are not improper.

## ISSUES

1. Did appellant properly contact and obtain an affidavit from the jury foreman?

2. Did the trial court commit prejudicial error by giving additional instructions to the jury without recalling counsel and the court reporter?

## ANALYSIS

### I.

■ It is improper for attorneys to contact jurors and attempt to impeach a verdict with affidavits obtained from the jurors. *Baker v. Gile,* 257 N.W.2d 376, 377 (Minn.1977). Sanctions for such conduct may include denial of review by an appellate court. *Id.* at 378. We choose not to impose that sanction here because the substantive issues have been fully presented and analyzed.

■ An attorney who suspects prejudicial trial misconduct should petition for inquiry and assessment on the subject by the trial court. *Id.* Appellant argues that he did not commit misconduct by contacting the juror because he intended only to solicit an appraisal of performance. We do not decide whether that excuses the attorney's conduct because the conduct was

made more questionable when the attorney helped the juror draft an affidavit to submit to the trial court. The attorney, instead of speaking further with the juror, should have petitioned the trial court for a *Schwartz* hearing. The trial court could have decided at such a hearing whether any improper juror or judicial conduct occurred. *See Schwartz v. Minneapolis Suburban Bus Co.*, 258 Minn. 325, 328, 104 N.W.2d 301, 303 (1960).

## II.

■ Reversal for improper trial conduct is required only if the conduct constituted prejudicial error. *See Pomani v. Underwood*, 365 N.W.2d 286, 290 (Minn.Ct.App. 1985). We conclude that any error committed by the trial court in not recalling the court reporter and the attorneys was not prejudicial.

■ Appellant argues that additional instructions described by the jury foreman were tantamount to a direction to give the plaintiff a favorable verdict. This argument overstates the impact of the instruction. The trial court had properly given an initial instruction for the jury to make findings on the question of damages regardless of whether there was a finding of fault. The additional instruction did not mandate a finding of fault. Furthermore, the jury had evidently already decided to award something to respondent when it asked the trial court if it could award an annuity. The additional instruction described by a juror merely suggested that it was incorrect to award an annuity. Therefore, no prejudice resulted.

There is also a question whether any additional jury instructions were in the precise form appellant alleges. We cannot credit the juror contacted by appellant's attorney with a word for word recollection of any additional instruction given by the trial court. The trial judge did not confirm that any additional instructions were given. The uncertainty surrounding the alleged incident of additional instructions solidifies our conclusion to affirm.

## DECISION

It was improper for counsel to contact a juror and submit to the trial court the juror's affidavit in support of a motion for a new trial. We elect to review the case and conclude that any improprieties committed by the trial court did not cause prejudice to appellant.

Affirmed.