Donald FRANK, et al., Appellants,

v.

Kent E. FRANK, Respondent.

No. CX–86–2044.

Court of Appeals of Minnesota.

July 21, 1987.

Review Denied Sept. 30, 1987.

Paul M. Malone, Malone & Mailander, Slayton, for appellants.

Mark McKeon, Willenbring, Lickteig & Dah, Cold Spring, for respondent.

Heard, considered and decided by LANSING, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

LANSING, Judge.

Donald and Maxine Frank appeal the trial court's denial of their motions for judgment notwithstanding the verdict (JNOV) or a new trial in their personal injury action. The jury, by special verdict, found both Donald Frank and Kent Frank negligent, but that neither party's negligence was the cause of Donald Frank's damages. Donald and Maxine Frank appeal the denial of their motion for JNOV or new trial and the court's refusal to hold a *Schwartz* hearing. We affirm.

## FACTS

Donald and Maxine Frank are semi-retired farmers. Their son, Kent Frank, 35, lives with his parents and farms 240 acres he rents from them and 240 acres he rents from his grandmother. Donald Frank has retained 80 acres which he still farms, exchanging his labor for the use of his son's machinery.

On October 26, 1982, Donald Frank was assisting his son on the rented land in mounting a motor in a stirator on the top of an empty grain drying bin. A stirator is a motorized auger on an arm that lifts dry corn to the surface of the bin as the auger travels around the rim of the bin and cycles back and forth from the center of the bin to its edge. Heat is applied from the bottom of the bin and the auger mixes the corn or grain to ensure an even drying of the bin contents. Donald Frank originally purchased and installed the stirator, and both Donald and Kent had replaced the motor before, but not with the bin empty.

Donald Frank was standing on a ladder inside the bin to align the motor's bolt holes with those of the stirator. Kent Frank was on a ladder outside the bin, leaning over the top edge and holding the motor they were attempting to install. While Kent attempted to adjust the position of the stirator to align the bolt holes, the stirator came off its track and fell to one side, popping the wall of the bin outward and putting all the weight on Kent's arm. Because of this weight, Kent Frank was forced to drop the motor in order to use both hands to keep the stirator from falling on and crushing his father. The stirator is a piece of equipment described as large and heavy enough to kill someone. Instead of allowing the motor to drop to the floor, Kent let it drop toward his father. The motor fell into his father's arms and against his chest. The force caused the ladder, which was against the bin wall, to slip, and Donald Frank fell approximately 12 feet to the floor below.

Donald Frank severely injured his back. He was bedridden, temporarily hospitalized and finally underwent surgery on his spinal column to insert rods in his back and fuse the D–12 through L–2 vertebrae. The parties stipulated that the medical costs were $10,772.

The jury returned a special verdict finding both Kent and Donald Frank negligent, but finding that neither party's negligence was the cause of the injury. The jury also found that Donald Frank's injuries amounted to $65,772.60 and that no money was required to compensate Maxine Frank.

Donald Frank moved for a JNOV or a new trial. The trial court denied the motion. After the trial, Donald Frank was "in contact" with some of the jurors who expressed confusion over the special verdict form and said they believed that Donald

Frank would be awarded the sum they listed on the form, even though they had not found causation. Donald Frank moved for a *Schwartz* hearing, which was also denied. Donald and Maxine Frank appeal both rulings.

### ISSUES

1. Did the trial court err in denying the motions for JNOV or a new trial?

2. Did the trial court err in denying the motion for a *Schwartz* hearing?

### ANALYSIS

### I

The issues raised in this case are similar to those raised in *Thorn v. Glass Depot,* 373 N.W.2d 799, 802 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Nov. 1, 1985). In *Thorn* we set forth the standards to be applied in determining the propriety of granting a JNOV or a new trial when the jury found negligence, but failed to find causal negligence. We concluded that, because negligence and proximate cause are separate factors in assigning tort liability and because proximate cause is a question for the jury to decide, it is only when different minds can arrive at only one result that the fact issue becomes a question of law for the appellate court. *Id.* at 803 (citing *Ponticas v. K.M.S. Investments,* 331 N.W.2d 907, 915 (Minn.1983); *Pluwak v. Lindberg,* 268 Minn. 524, 130 N.W.2d 134 (1964)).

■ Arguably, the evidence in this case could support more than one conclusion about the cause of Donald Frank's injuries. Several safety precautions and procedures normally used were overlooked in the attempt to replace the motor. The ladder had originally been equipped with hooks which would have fit over the bin edge or could have been used to tie the ladder in place. The hooks had been removed or lost at an earlier time. The ladder was not secured in any way, and socks had been placed over the ends of the ladder when it was last used to paint the house. The stirator could have been chained and suspended from the ceiling, which would have supported the machine and kept it from falling when it came off the track. The Franks' normal procedure was to chain the stirator.

Any number of factors could have been the cause of the accident, including replacing the motor with an empty bin, Donald Frank's position below the stirator, the ladder's placement or condition, the action that caused the stirator wheel to leave its track, the change in the wall of the bin, or the missing chains on the stirator. Both men had experience with the equipment they were using and the procedure they were attempting to perform.

The trial court considered the alternative causes of the accident in its memorandum denying the motions for JNOV or new trial. The court concluded that the jury could have found that both Donald and Kent Frank were negligent, but that their specific negligent acts were not a direct cause of Donald Frank's injury. The court also observed, similar to the observation in *Thorn,* that although the emergency doctrine is a factor in determining negligence rather than causation, it is not inconsistent with the facts of this case. We agree with the trial court's determination that the evidence is not sufficiently at odds with the verdict to require a new trial or JNOV.

### II

■ The granting of a *Schwartz* hearing is within the discretion of the trial court. *Zimmerman v. Witte Transp. Co.,* 259 N.W.2d 260, 262 (Minn.1977). The purpose of a *Schwartz* hearing is to investigate potential juror misconduct and prevent the practice of attorneys contacting and questioning jurors after a verdict has been rendered. *See id.* at 260; *Patterson v. Donahue,* 291 Minn. 285, 289, 190 N.W.2d 864, 867 (1971); *Arney v. Helbig,* 383 N.W.2d 4, 6 (Minn.Ct.App.1986). Such a hearing also allows the losing party to establish a record which might indicate jury misconduct. *Zimmerman,* 259 N.W.2d at 262–63.

Although trial courts are urged to be fairly lenient in the granting of *Schwartz* hearings, their purpose is to determine ju-

ror misconduct, such as outside influence improperly brought to bear on jurors. The purpose of a *Schwartz* hearing does not include the correction of a miscomprehension by a juror or jurors. The assertion that the jury was confused and did not understand the effect of the verdict has been rejected as a basis for a *Schwartz* hearing. Jurors may not impeach their verdict on the basis that they did not understand the legal effect of that verdict. *Bianchi v. Nordby and City of Gibbon,* 409 N.W.2d 835 (Minn.1987); *Zimmerman,* 259 N.W.2d at 263; *see also Nebben v. Kosmalski,* 307 Minn. 211, 217, 239 N.W.2d 234, 238 (Minn.1976); *Gardner v. Germain,* 264 Minn. 61, 117 N.W.2d 759 (1962); *Cullen v. City of Minneapolis,* 201 Minn. 102, 275 N.W. 414 (1937). The verdict form used and the instructions given were not objected to when given. The trial court did not err in denying the motion for a *Schwartz* hearing.

### DECISION

Affirmed.