**Michelle D. SENF, Appellant,**

v.

**Ann BOLLUYT, Rebecca Stoen, now known as Rebecca Stenson, et al., Respondents.**

**No. C9–87–1106.**

Court of Appeals of Minnesota.

Feb. 23, 1988.

Review Denied April 15, 1988.

Joel T. LeVahn, Minneapolis, for Michelle D. Senf.

John C. Lervick, Alexandria, for Ann Bolluyt.

Michael D. LaFountaine, St. Cloud, for Rebecca Stoen.

Heard, considered and decided by FORSBERG, P.J., and NIERENGARTEN and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Michelle Senf appeals from an order denying her motion for a new trial and her alternative motions. She alleges: (1) the trial court erred in refusing to reconvene the jury for a *Schwartz* hearing; (2) the court erred in not providing findings denying her motion; and (3) the court erred in denying a new trial because there was a substantial ambiguity in the verdict form. Respondents filed motions for attorney fees on appeal.

## FACTS

Appellant brought a negligence action to recover damages for personal injuries she sustained in an automobile accident. Prior to trial, the parties stipulated that all defendants were negligent, and damages were the sole remaining issue. The matter was submitted to the jury along with a special verdict form nearly identical to Special Verdict Form No. 8, 4 Minnesota Practice, CIV. JIG at 470 (1986). The jury completed the pertinent part of the form as follows:

4. What sum of money will fairly and adequately compensate Michelle Senf Mullin for such future damages from the accident as are reasonably certain to occur for:

a. loss of earnings

$5000.00

Over what period of time will such loss of earnings, if any, occur? 4 years

b. medical expenses?

$ 0

Over what period of time will such medical expenses, if any, occur? ____ years

c. Emotional distress, pain and disability?

$1000.00

Over what period of time will such emotional distress, pain and disability, if any, occur? 10 years.

After the jury was discharged, appellant's trial attorney, Patrick O'Meara, attempted to contact each member of the jury to "see what portions of the testimony in the presentation at trial were effective or not effective and to inquire of the jurors as to how they arrived at their verdict." After contacting two jurors who did not discuss the case with him, O'Meara contacted the jury foreperson, who allegedly told him the jury intended to award appellant $20,000 ($5000 per year for four years) for future loss of earnings and $10,000 ($1000 per year for ten years) for future distress, pain, and disability.

Appellant's counsel contacted opposing counsel and the trial court regarding these allegations, and on May 18, 1987, the court heard arguments of counsel. The court denied appellant's motions for an order granting a *Schwartz* hearing and for a new trial.

## ISSUES

1. Did the trial court err in denying appellant's motion for a *Schwartz* hearing?

2. Did the trial court err in not providing findings in denying appellant's motion for a *Schwartz* hearing?

3. Are respondents entitled to an award of attorney fees on appeal?

4. Did the trial court err in denying a new trial due to an alleged ambiguity in the language of the verdict form?

## ANALYSIS

### I.

"The general rule is that a jury verdict may not be impeached after the jury has been discharged when the facts sought to be shown inhere in the verdict itself." *Bianchi v. Nordby,* 409 N.W.2d 835, 837 (Minn.1987) (citing *Bauer v. Kum-*

*mer*, 244 Minn. 488, 490–91, 70 N.W.2d 273, 275 (1955)). This court stated recently:

> Although trial courts are urged to be fairly lenient in the granting of *Schwartz* hearings, their purpose is to determine juror misconduct, such as outside influence improperly brought to bear on jurors. The purpose of a *Schwartz* hearing does not include the correction of a miscomprehension by a juror or jurors. The assertion that the jury was confused and did not understand the effect of the verdict has been rejected as a basis for a *Schwartz* hearing. Jurors may not impeach their verdict on the basis that they did not understand the legal effect of that verdict.

*Frank v. Frank*, 409 N.W.2d 70, 72–73 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Sept. 30, 1987).

Appellant's trial attorney alleged that the jury anticipated that the court would understand their verdict to mean future damages of $5000 per year for four years and $1000 per year for ten years. This is in contrast to the $5000 in loss of earnings total and $1000 for emotional distress total ordered by the court, discounted further pursuant to Minn.Stat. § 604.07 (1986) (reduction of future damages to present value). Appellant argues that this is a "clerical error" requiring a *Schwartz* hearing.

In virtually identical circumstances, with a virtually identical verdict, the supreme court in *Bianchi* held that "the trial court could have recalled the jurors for questioning if he believed there might have been a clerical error, but he did not abuse his discretion by not doing so." *Bianchi*, 409 N.W.2d at 838. There is little in this case to distinguish it from *Bianchi*, and we are not at liberty, as appellant suggests, to contradict that precedent. The trial court did not abuse its discretion in refusing to grant a *Schwartz* hearing.

## II.

■ Appellant argues the trial court should have made findings supporting its basis for denying appellant's motion for a *Schwartz* hearing. The rules of civil procedure do not require findings of fact for motions, subject to exceptions not applicable here. *See* Minn.R.Civ.P. 52.01. It was not error for the trial court to deny appellant's motion for a *Schwartz* hearing without specific findings.

## III.

■ Respondent contends that this appeal is in bad faith, such that there should be an award of attorney fees. The appeal was filed on June 3, 1987, one month before the Minnesota Supreme Court's decision in *Bianchi*. Taking into account the striking consequences of *Bianchi*, and the legitimacy of early questions as to the breadth of the holding, we do not find this appeal was in bad faith. *See* Minn.Stat. § 549.21, subd. 2 (1986).

## IV.

Appellant argues that the special verdict form given to the jury was ambiguous. The record of the court's instructions is not before us and it is not clear whether the verdict form used and the instructions given were objected to when given. In any case, "[c]onsiderable latitude must be allowed the trial court in the language used so long as the substance of the law is correctly stated." *Barnes v. Northwest Airlines*, 233 Minn. 410, 421, 47 N.W.2d 180, 187 (1951). *See also Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986) (reversal will not follow if a party simply would have preferred other language "provided the court's instruction appropriately stated the law"). There may have been a preferable verdict form to use in this case. *See* Niergengarten, Judge, concurring specially. However, the supreme court has indicated that it was not an abuse of discretion to use this form. *See Bianchi*, 409 N.W.2d at 840.

## DECISION

The trial court did not abuse its discretion when it denied appellant's motion for a *Schwartz* hearing. Although a different verdict form may have been preferable, the court did not abuse its discretion in submit-

ting the form used to the jury. Respondent's motion for attorney fees is denied.

Affirmed.

NIERENGARTEN, J., concurs specially.

NIERENGARTEN, Judge, concurring specially.

I concur with the decision because this case is not sufficiently distinguishable from *Bianchi v. Nordby*, 409 N.W.2d 835 (Minn. 1987) to warrant reversal or remand. However, I am not surprised a jury could be misled by the special verdict form.

Like *Bianchi*, this case apparently involves misunderstandings by the jury which resulted in damages for the plaintiff which are substantially below the amount actually intended. Counsel and the courts should do all they can to aid the jury in understanding the verdict form so that the jury's answers truly reflect the jury's wishes. Special verdict forms should be drafted in precise language so juries can clearly indicate a prevailing party's *total* damages. Although the special verdict form in this case conformed to the special verdict form suggested in 4 Minn. Practice, Civil JIG (3d ed. 1986), I concur with Justice Scott's observation in *Bianchi* and suggest a modification of the form to minimize possible jury misunderstandings about the impact of their answers to the verdict. *See Bianchi*, 409 N.W.2d at 840. ("The form used may have been clearer if the word 'total' had been inserted before each category for future damages").

The following modification of the special verdict form is suggested:

1. What sums of money will fairly and adequately compensate (claimant) for such future damages from the accident as are reasonably certain to occur for:

   a. TOTAL loss of earnings?
   $_____
   Over what period of time will such *total* loss of earnings, if any, occur? ____ years.

   b. TOTAL medical expenses?
   $_____
   Over what period of time will such *total* medical expenses, if any, occur? ____ years.

   c. TOTAL damages for emotional distress, pain and disability?
   $_____
   Over what period of time will such *total* damages for emotional distress, pain and disability, if any, occur? ____ years.

*Cf.* Special Verdict Form No. 8 (Damages—Tort Reform Act), 4 Minn. Practice, Civil JIG at 470–71 (3d ed. 1986).