## ROBERT FRUCHTMAN v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

142 N. W. (2d) 299.

April 22, 1966—No. 39,958.

*Palmer, Hood, Crassweller & McCarthy,* for appellant.

*Roger A. Johnson,* for respondent.

OTIS, JUSTICE.

The plaintiff is a policyholder of defendant liability carrier who seeks a declaratory judgment construing an insurance contract containing a so-

called "household exclusion." The only issue is whether the trial court was correct in construing the following provision of the policy to hold the insurer liable:

"This policy does not apply * * *

* * * * *

"* * * to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured." [1]

On November 26, 1958, plaintiff was driving an automobile insured by defendant in which his mother, Ann Fruchtman, was a passenger. Mrs. Fruchtman was injured when her son's vehicle collided with one operated by an Ernest Bundgaard. She brought an action to recover damages against Bundgaard, who in turn joined plaintiff as a third-party defendant for indemnity or contribution. Although plaintiff demanded that defendant assume the defense of the third-party action, it refused to do so, invoking the household exclusion clause. Thereupon, plaintiff retained counsel at his own expense. His mother's action resulted in a verdict against her, and plaintiff here seeks to recover $1,510 in attorney's fees which he incurred in defending the third-party claim for contribution.

Whether plaintiff's mother was a member of his family, residing in the same household, is essentially a fact question.[2] A recitation of the chronology of his activities is therefore appropriate.

It appears without dispute that plaintiff was born in the year 1931 and in 1942 moved with his parents into a home at 1340 Upton Avenue North in the city of Minneapolis where he resided while attending grade school, high school, and college. After graduating from the University of Minnesota in 1953, he continued his premedical and medical courses there, and in 1955 occupied an apartment in St. Paul while acting as a

---

[1] "The obvious purpose of the clause here involved is to exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury." Tomlyanovich v. Tomlyanovich, 239 Minn. 250, 263, 58 N. W. (2d) 855, 862, 50 A. L. R. 108, 117.

[2] Simon v. Milwaukee Auto. Mutual Ins. Co. 262 Minn. 378, 390, 115 N. W. (2d) 40, 49.

junior intern at Miller Hospital. He returned to the Upton Avenue address in the spring of 1956, and in June of that year moved to Milwaukee for his internship. Those studies occupied the period of one year and terminated in June 1957, by which time he had been commissioned in the Army. He twice visited his home briefly before departing in September for duty in Korea.

On or about November 14, 1958, plaintiff returned to his parents' home on leave while en route to reassignment in Chicago where he was to report early in December 1958. On November 18, 1958, while in Minneapolis staying with his parents at the Upton Avenue address, plaintiff purchased an automobile which he insured under a liability policy with the defendant. The accident having occurred on November 26, plaintiff was delayed in his return to Chicago until December 28 out of concern for his mother's injuries. He remained in Chicago with the Army until he was discharged in July 1959, when he began his residency in a Milwaukee hospital. The following year he was married and has maintained a separate home since that time.

In support of its contention that on the date of the accident plaintiff's mother was a member of his family residing in the same household with plaintiff, defendant calls attention to the numerous occasions during all of this period when plaintiff referred to the Upton Avenue address as the place of his residence. It is undisputed that he kept the bulk of his belongings at that address; gave it as his residence in absentee voting; used it in his insurance application, in registering his car, and in securing a driver's license; designated the Upton Avenue address as his home in the accident report made to the state and to his insurer; and stated to the defendant following the accident that he considered it his domicile. In addition, defendant asserts that the court is compelled to find plaintiff a member of his parents' household as a matter of law because on the date of the accident he was actually living at the Upton Avenue address, sleeping there, eating his meals with his family, and enjoying the other privileges customary in a home. Stress is laid on the fact that on November 26, 1958, plaintiff and his mother were returning to the Upton Avenue address from a visit to relatives in St. Louis Park. Apart from his intention to report for duty at Army headquarters in Chicago, it is con-

ceded that he had no specific plans or commitment with respect to furthering his medical education, and that at the time of the accident he had explored the possibility of doing his residency in one of a number of hospitals in the Midwest.

The fact that the family homestead was used as plaintiff's mailing address is not decisive. It is not an unusual practice for adult, emancipated children attending college away from home, or working at summer jobs elsewhere, or serving in the armed forces, to use their parents' address as a place where mail is certain to reach them. This is not necessarily an indication of an intention to return to the family circle, but often is merely a matter of convenience. The same may be said of the fact that plaintiff kept a great many of his personal effects in his parents' home.

Literally applied, the construction sought by defendant would exclude coverage for any close relative who was visiting in the home and enjoying the privileges of the household, however briefly, without reference to his ultimate intention to return to some other location. In our opinion, the words "residing in the same household" imply a more enduring relationship than was here manifested. Plaintiff had been self-supporting since the time he left high school and had not been physically present in the home for more than a week or two on any one occasion for a period of approximately 2½ years prior to the accident. In November 1958, his visit at the family household was of a strictly transient nature. There is no dispute but what he intended to move on to an Army assignment in Chicago within a period of 2 weeks and continue his medical training thereafter in Milwaukee or elsewhere. He was then 27 years of age, and it is fair to infer that under the circumstances neither plaintiff nor his parents considered him a permanent part of the household but simply intended that he enjoy the status of a visitor. The history of subsequent events sheds some light on this relationship. It is significant that he ultimately spent 3 years in residency in Milwaukee and was married and established his own family about a year and a half after the accident occurred. These developments lend support to the testimony of the plaintiff that following his departure from Minneapolis in June 1956 he and his brother intended to pursue their careers elsewhere. Viewed in the light of these circumstances, we hold that the trial court was justified in finding

58

that plaintiff and his mother were not, on November 26, 1958, members of the same household within the meaning of the policy.[3] Consequently, plaintiff was entitled to recover the cost of assuming the defense which defendant should properly have furnished.

Affirmed.

---

[3] Travelers Ind. Co. v. American Ind. Co. (Tex. Civ. App.) 315 S. W. (2d) 677, 680; Giokaris v. Kincaid (Mo.) 331 S. W. (2d) 633, 641, 86 A. L. R. (2d) 925; Shapiro v. Republic Ind. Co. of America, 52 Cal. (2d) 437, 438, 341 P. (2d) 289, 290.