**Milton SKARSTEN, Appellant,**

v.

**DAIRYLAND INSURANCE COMPANY, Respondent.**

**No. C1–85–1533.**

Court of Appeals of Minnesota.

Feb. 4, 1986.
Review Denied March 27, 1986.

Michael M. Erhardt, Barnard, Hilleren & Spates, Benson, for appellant.

Craig D. Peterson, Caryn F. Brenner, Lommen, Nelson, Cole & Stageberg, P.A., Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

PARKER, Judge.

In this declaratory judgment action the trial court found that appellant Milton Skarsten and the named insured, his daughter Cheryl Skarsten, did not reside in the same household; the court consequently concluded appellant was not an insured person under the terms of two policies issued by respondent Dairyland Insurance Co. Appellant's motion for amended findings or for a new trial on the basis of

1. Benefits were paid under this policy because Dairyland concluded that appellant and his son resided in the same household at the time of the

newly discovered evidence was subsequently denied. We reverse.

## FACTS

On December 25, 1982, appellant Milton Skarsten was injured in an automobile accident while riding as a passenger in a 1974 Oldsmobile driven by his daughter, Cheryl Skarsten. He sought personal injury protection coverage under three insurance policies issued by Dairyland. Cheryl Skarsten was the named insured on two of the policies: one policy covered a 1974 Oldsmobile owned by appellant and garaged at his farm; the other policy covered a 1971 Opel owned by Cheryl Skarsten and kept at her apartment in Minneapolis. The third Dairyland policy covered a 1972 Ford pickup and listed appellant's 19-year-old son, Dennis Skarsten, as the owner and named insured.[1] Appellant put the policies in the name of the person who was the primary driver of the particular vehicle and paid the premiums on all three policies.

The essential facts are undisputed. Appellant suffers from degeneration of the retina and has not driven an automobile in years. His wife never learned to drive. Cheryl Skarsten, the oldest of appellant's six children, became the family driver when she obtained her license at the age of 16. In August 1980 appellant and his daughter went to the Swift County Bank together to apply for insurance on the family car (the 1974 Olds) and on the 1971 Opel. They specifically requested she be listed as the named insured on both policies. On both applications Cheryl Skarsten gave her Minneapolis address, and the policies were issued as such.

At the time of the accident in 1982, Cheryl Skarsten was a 24-year-old college student at the University of Minnesota and was living in a Minneapolis duplex just off campus. Since her graduation from high school in 1977, she had attended three different colleges and moved a number of times. In 1980 she had moved to California

accident. Thus, the only policies at issue in this case are the two naming Cheryl Skarsten as the insured.

to establish residency (for tuition purposes) and attend school, but she returned after nine months. She still had a California driver's license and was not registered to vote in Minnesota, having last voted in California in the 1980 presidential election. She continued to return to the family farm in Benson one or two weekends a month and on holidays. She received much of her mail at her Minneapolis address but considered Benson to be her permanent address. She still had her own room at the farm and had left some of her belongings there. Although she held a number of jobs after her graduation from high school, she had never really been self-sufficient. At the time of the accident she was not employed. She was supported by her father and had obtained student loans and grants. Appellant claimed his daughter as a dependent on his tax returns for the years 1977, 1978, 1980, 1981, and 1982.

## ISSUE

Did the trial court err as a matter of law in finding appellant was not an insured person under the provisions of two insurance policies because he and his daughter, the named insured, were not residents of the same household?

## DISCUSSION

Minn.Stat. § 65B.43, subd. 5 (1982), defines the term "insured" to include a relative of the named insured who "resides" in the same household with the named insured and who is not identified by name in any other contract for a plan of reparation security. That section further provides that "[a] person resides in the same household with the named insured if that person usually makes his home in the same family unit, even though he temporarily lives elsewhere." Appellant is a relative of the named insured and was not identified by name in any other contract under the Act. The only issue addressed by the trial court

was whether or not appellant resided in the same household as the named insured, Cheryl Skarsten.[2]

■ The trial court found that at the time of the accident, appellant and Cheryl Skarsten were not residing in the same household for purposes of insurance coverage. Such a determination is a fact question, and the trial court's findings must be upheld unless clearly erroneous. Minn.R. Civ.P. 52.01; *Pederson v. All Nation Insurance Co.*, 294 N.W.2d 693, 695 (Minn. 1980). In this case, however, the trial court erred as a matter of law when it ignored the underlying purpose of the insurance contract.

The language "resident or member of the same household" is widely used in insurance policies to both exclude and extend coverage. In excluding members of the same household from coverage, the purpose is to "exempt the insurer from liability to those persons to whom the insured, on account of close family ties, would be apt to be partial in case of injury." *Tomlyanovich v. Tomlyanovich*, 239 Minn. 250, 263, 58 N.W.2d 855, 862 (1953). Use of the expression in definitions of additional insureds or in clauses extending coverage (as in this case) is meant to "provide protection for those whom, because of close relationship, a person obtaining a liability insurance policy would ordinarily want it to protect." *National Farmers Union Property & Casualty Co. v. Maca*, 26 Wis.2d 399, 405, 132 N.W.2d 517, 520 (1965). Although it is logical to assume that a distinction between clauses excluding and those extending coverage ought to be recognized, the cases fail to make such a distinction. *See, e.g., Pamperin v. Milwaukee Mutual Insurance Co.*, 55 Wis.2d 27, 37, 197 N.W.2d 783, 789 (1972); *Maca*, 26 Wis.2d at 405, 132 N.W.2d at 520.

---

**2.** The policies in issue also provided definitions of the term "insured." The policy definition of "insured" may not be narrower in scope than the definition given in the Act, because "a plan of reparation security shall contain an agreement or endorsement that insurance is provided thereunder in accordance with and subject to the provisions of section 65B.41 to 65B.71." Minn.Stat. § 65B.49, subd. 1.

The terms "resident or member of the same household" are unambiguous; effect must therefore be given to their plain and common meaning. *Firemen's Insurance Co. of Newark, New Jersey v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982). In applying this phrase to the facts of any particular case, however, a court must not rely on selected facts in order to justify a conclusion. In this case the trial court overlooked the underlying purpose of the contract; such exaltation of form over substance defeats the contract's purpose.

A determination of whether a person is a resident or member of the named insured's household is dependent upon three factors:

> 1) living under the same roof; 2) in a close, intimate and informal relationship; and 3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship " * * * in contracting about such matters as insurance or in their conduct in reliance thereon." [*Maca*, 26 Wis.2d at 406, 132 N.W.2d at 521.]

*Pamperin v. Milwaukee Mutual Insurance Co.*, 55 Wis.2d at 37, 197 N.W.2d at 789 (quoted with approval by *Viktora*, 318 N.W.2d at 706).

Minnesota courts combine the first two factors by defining "household" "in its common and ordinary meaning 'for insurance purposes as generally synonymous with 'family' and as including those who dwell together as a family under the same roof.'" *Viktora*, 318 N.W.2d at 707 (citing *Van Overbeke v. State Farm Mutual Automobile Insurance Co.*, 303 Minn. 387, 392, 227 N.W.2d 807, 810 (1975)); *Tomlyanovich*, 239 Minn. 250, 58 N.W.2d 855). The "duration of stay" factor is also considered significant. *Viktora*, 318 N.W.2d at 707. No one factor is controlling, but all must "combine to a greater or lesser degree in order to establish the relationship."

*Pamperin*, 55 Wis.2d at 37, 197 N.W.2d at 789.

■ In this case the evidence establishes that at the time of the accident appellant and his daughter were not physically living together under the same roof. As do many college students, Cheryl Skarsten was living in her own apartment near campus and returning home as often as possible—one or two weekends a month and on holidays. She retained her own room at home and had left some of her belongings there. She was unemployed at the time of the accident and was being supported by her father. Her absence from the family farm was of a temporary nature; she intended to return, if only for weekends and holidays, and considered the farm her permanent residence. Thus, paraphrasing the statute, Cheryl "usually makes her home in the same family unit, even though she temporarily lives elsewhere." Minn.Stat. § 65B.49, subd. 5 (1982).

More importantly, the relationship between appellant and his daughter was of such duration that the parties considered it in contracting for insurance. The fact that the policy names Cheryl Skarsten as the insured on the *family* car is strong evidence that both parents and daughter considered her to be a member of the household. It is notable that Dairyland denies appellant no-fault personal injury protection coverage on his own vehicle because he listed his daughter as the named insured.[3] The evidence establishes that appellant and his daughter enjoyed an "intimate, informal family relationship indicative of a legal residency." *French v. State Farm Mutual Automobile Insurance Co.*, 372 N.W.2d 839, 843 (Minn.Ct.App.1985) (quoting *Viktora*, 318 N.W.2d at 707).

The trial court's decision finding that appellant and his daughter were not residents of the same household is reversed. We need not discuss whether the trial court abused its discretion in denying appellant's

---

**3.** There may be a question whether Cheryl Skarsten even had an insurable interest in the family car; appellant held the title, and the car was garaged at his farm. We do not reach this issue because the case was not submitted on this basis.

motion for a new trial based on newly discovered evidence.

## DECISION

The trial court erred as a matter of law in finding appellant not an insured person under the provisions of an insurance policy covering a family vehicle owned by appellant and garaged at his home because he and his daughter, the named insured, did not reside in the same household.

Reversed.