**Dona H. MORGAN, et al., Appellants,**

v.

**ILLINOIS FARMERS INSURANCE COMPANY, Respondent.**

**No. C3–86–443.**

Court of Appeals of Minnesota.

Aug. 12, 1986.

Review Denied Oct. 22, 1986.

Philip A. Pfaffly, Dale M. Wagner, Minneapolis, for appellants.

Gregory M. Weyandt, Mary C. Cade, Minneapolis, for respondent.

Considered and decided by FOLEY, P.J., and HUSPENI and CRIPPEN, J., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This case raises the question of whether a college-aged child of the named insureds who was unemployed, owned no vehicle, had no separate automobile insurance policy, and who had a close relationship with her parents was still a member of the parental household and thus covered by her parents' insurance policy. The trial court found that Morgan was not a member of her parents' household at the time of the accident and that she was ineligible for uninsured motorist benefits. The Morgans appeal and we reverse.

## FACTS

Appellant Charlotte Morgan was involved in an automobile accident with an uninsured motorist on November 4, 1981, while she was driving the vehicle of her roommate, Claire Donaldson. She was 21 years of age at the time, did not own her own vehicle, and did not have her own insurance policy.

Appellants Albert and Dona Morgan, parents of Charlotte Morgan, had purchased automobile insurance from respondent Illinois Farmers Insurance Co. The insurance policy included uninsured motorist coverage for resident relatives of the named insureds, appellants Albert and Dona Morgan. After the accident, in which Charlotte Morgan was badly injured, Albert and Dona Morgan applied to Illinois Farmers for uninsured motorist benefits. The insurance company denied coverage, claiming Charlotte Morgan was not a "resident relative" of her parents' household.

Charlotte Morgan graduated from high school in 1978 and attended college during portions of the next six years. She took another residence when she began college, although she returned to live in her parents' home from time to time. She received some mail at her parents' home, kept many of her possessions there, and still had a bedroom there. She spent virtually all weekends and holidays with her parents. She received financial support from her parents, was claimed as a dependent on her parents' 1980 and 1981 tax returns, and had her own key to her parents' home.

Charlotte Morgan moved to Salem, Massachusetts for six months in 1980, but returned to Minnesota in November 1980 when her father suffered a heart attack. She enrolled at the University of Minnesota in December 1980 and lived either with her parents or her grandparents until July 1981 when she moved into an apartment with Claire Donaldson. Because Charlotte Morgan did not have her own car, she would drive either a vehicle of her father's or her roommate's vehicle. While recuperating from her injuries late in 1981, Morgan again stayed with her parents for several weeks.

## ISSUE

Was Charlotte Morgan a "resident relative" of her parents at the time of the November 1981 accident?

## ANALYSIS

■ An appellate court will reverse a trial court's findings of fact only if they are clearly erroneous. *Skarsten v. Dairyland Insurance Co.*, 381 N.W.2d 16, 18 (Minn.Ct.App.1986), *pet. for rev. denied*, (Minn. March 27, 1986). The trial court's determination of whether a person is a resident of a particular household for insurance purposes is a question of fact. *Id.*

An automobile insurance policy covers not only those named as insureds on the policy but also those who are relatives of the named insureds, who reside in the same household with the named insureds, and who are not identified by name in any other contract for a plan of reparation security. Minn.Stat. § 65B.43, subd. 5 (1984). That section also provides that

[a] person resides in the same household with the named insured if that person usually makes his home in the same family unit, even though he temporarily lives elsewhere.

*Id.* Since there is no question appellant Charlotte Morgan is a relative of her parents as contemplated by the statute, the only issue is whether she was a resident of her parents' household.

The court of appeals in *Skarsten* reversed a trial court's finding that the named insured and her father did not reside in the same household. They were not "physically living together under the same roof." *Skarsten*, 381 N.W.2d at 19. Cheryl Skarsten was a college student who had her own apartment near campus and returned to her father's home as often as possible. *Id.* She kept many belongings at her father's home and was unemployed and supported by her father. Cheryl Skarsten was the principal driver of the family car and so was the named insured on the automobile insurance policy. *Id.* at 17. When the elder Skarsten was injured in an automobile accident, he applied for insurance benefits through his daughter's insurance company. The trial court held that he was ineligible because he was not a named insured and was not a resident relative of the named insured. *Id.* at 17. The court of appeals reversed, noting that the statutory inclusion of resident relatives of the named insureds is meant to

"provide protection for those whom, because of close relationship, a person obtaining a liability insurance policy would ordinarily want it to protect."

*Id.* at 18 (quoting *National Farmers Union Property & Casualty Co. v. Maca*, 26 Wis.2d 399, 405, 132 N.W.2d 517, 520 (1965)).

Also considered important by the *Skarsten* court was the determination that the named insured and her family had enjoyed

an intimate and substantial relationship and that the parties would be likely to consider the relationship " * * * in contracting about such matters as insurance or in their conduct in reliance thereon." *Id.* at 19 (quoting *Maca,* 26 Wis.2d at 406, 132 N.W.2d at 521).

■ We consider ourselves to be bound by the *Skarsten* case and therefore conclude that the trial court must be reversed in its determination that Charlotte Morgan was not a resident relative of her parents for purposes of insurance benefits. The relationship enjoyed by the Morgans in this case demonstrates that there would be a natural tendency to intend that Charlotte Morgan would be covered by her parents' insurance policy.

The similarity between *Skarsten* and this case is striking. In both *Skarsten* and this case, the issue is whether a college student who often lived at home, had personal possessions at home, and who was supported by parents could be considered to be a resident relative of the parents' household for the purposes of insurance coverage. In both cases, the intimacy of the family was evident and made it clear that the parties would consider themselves to be covered by the same insurance policy. The evidence of the intimacy of the family relationship in *Skarsten* led the court to conclude that the accident victim was a resident relative of the named insured. That same consideration leads to a like result in this case. Although it may be argued that *Skarsten* is distinguishable on its facts because it was the child's insurance policy at issue, not the parents, we would not find the argument persuasive. Similar policy considerations are involved in both cases. In each case the intimate relationship enjoyed by the accident victim and the named insured requires a finding that the victim is a resident relative and therefore eligible for insurance benefits.

Respondent contends that another conclusion is dictated by statements of Charlotte Morgan that she no longer lived with her parents, and by written evidence that she designated the shared apartment as her permanent address. We disagree. The case is governed by the statutory definition of residence, not by a layperson's declarations about residence or address. In addition, we do not find it determinative that six months after her accident Morgan believed she was listed as an additional driver on her roommate's policy and insisted she should not be listed as an additional driver of her father's car.

## DECISION

The intimacy enjoyed by the Morgans requires a finding that Charlotte Morgan was covered by her parents' insurance policy.

Reversed.