**MUTUAL SERVICE CASUALTY INSURANCE COMPANY,**
**Appellant,**

v.

**David WOCHNICK, et al., Respondents.**

**No. C9–86–1175.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

Michael D. LaFountaine, Quinlivan, Sherwood, Spellacy and Tarvestad, P.A., St. Cloud, for appellant.

James J. Kremer, Mossey Law Firm, St. Cloud, for respondents.

Heard, considered and decided by WOZNIAK, P.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Mutual Service Casualty Insurance Company (MSI) appeals from a summary judgment that respondent David Wochnick was a "resident" of his parents' household at the time of the accident and therefore was an "insured" for the purposes of underinsured motorists coverage under his parents' automobile insurance policy. We reverse and remand.

## FACTS

On October 29, 1983, respondent David Wochnick was injured in a two-car accident while riding in an automobile owned and operated by a friend. David filed a claim for underinsured motorists coverage under a policy issued to his parents by MSI. The insurance company denied coverage contending David did not qualify as an "insured" because he was not a "resident" of his parents' household at the time of the accident.

At the time of the accident, David was twenty years old and living in an apartment in St. Cloud, Minnesota. At the time of his high school graduation in the spring of 1982, David was living at his parents' home in St. Joseph, approximately seven miles from St. Cloud.

David attended classes on a full-time basis at St. Cloud State University during the fall and winter quarters of 1982. In February 1983, he rented an apartment in St. Cloud with his girlfriend and one of her friends and lived in the apartment complex until November 1984 when he moved into his grandparents' house. He assumed some caretaking duties at his apartment complex and continued that part-time work for five or six months.

David worked approximately thirty to thirty-five hours per week at a bakery while attending classes at St. Cloud State. During the fall of 1983 he worked for a brief period as a vacuum cleaner salesperson.

David paid for school tuition with his own money and loan funds and provided for himself financially during the fall of 1983, but his parents would "help [him] out in a pinch." David's checking and savings accounts were taken out in his own name with the St. Cloud apartment listed as his home address. Correspondence from his bank, various creditors, and St. Cloud State was directed to David's St. Cloud apartment.

During the nine months preceding the accident, David remembered staying at his parents' home for a day or two, on or about July 4. He believed he stayed overnight on other occasions, but could not remember specific times. David returned to his apartment after the accident but spent one or two days at his parents' home when he was discharged a second time after a brief readmission to the hospital.

The first address used by David on his driver's license was his aunt's St. Cloud address, and the only other address ever used was his own St. Cloud address. Although David kept some of his personal possessions at his parents' home, most of his personal property was in his St. Cloud apartment at the time of the accident. David was claimed as a dependent on his parents' 1983 tax return and was covered by the family's health insurance policy at the time of the accident.

The Wochnicks' policy limited underinsured motorist coverage to persons identified as "insured." The policy defined "insured" as "policyholder(s)" or any *relative.*" (Emphasis added). Under the general definition section of the policy, the term "relative" was defined:

> Relative means a person related to you [named insured(s) ] by blood, marriage or adoption who is a *resident* of your household including a ward or foster child.

(emphasis added). The term "resident" is not defined in the policy.

On cross-motions for summary judgment, the trial court found that David was an insured under the policy entitled to insurance coverage because, even though temporarily residing elsewhere, he was a "resident" of his parents' household at the

time of the accident. Judgment was entered June 19, 1986. MSI appeals.

### ISSUE

Did the trial court err by concluding that David Wochnick was a "resident" of his parents' household at the time of the accident and therefore entitled to underinsured motorist coverage under his parents' automobile insurance policy?

### ANALYSIS

Upon proper motion by a party, the trial court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law.

Minn.R.Civ.P. 56.03. Summary judgment is appropriate "only if, after taking the view of the evidence most favorable to the nonmoving party," the moving party clearly has shown that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Sauter v. Sauter*, 244 Minn. 482, 484, 70 N.W.2d 351, 353 (1955).

> On a motion for summary judgment, the court is to determine only whether a genuine issue of fact exists; it is not to resolve any factual issue. * * * A motion for summary judgment should be denied if reasonable persons might draw different conclusions from the evidence presented.

*Illinois Farmers Insurance Co. v. Tapemark Co.*, 273 N.W.2d 630, 633 (Minn.1978) (citations omitted).

■ David argues that the standard of review in this case is controlled by Minn.R. Civ.P. 52.01 and that the trial court's findings must be upheld "unless clearly erroneous." We do not agree.

> Findings of fact in a summary judgment proceeding are not entitled to the respect which an appellate court is required to

give findings made pursuant to Rule 52.-01, Rules of Civil Procedure.

*Rathbun v. W.T. Grant Co.*, 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974) (citing *Whisler v. Findeisen*, 280 Minn. 454, 160 N.W.2d 153 (1968)).

### *Determinations of Fact*

■ Under the Minnesota No-Fault Automobile Insurance Act, an "insured" includes relatives "while (a) residing in the same household with the named insured and (b) not identified by name in any other contract for a plan of reparation security [issued under the no-fault act] * * *." Minn.Stat. § 65B.43, subd. 5 (1984). The statute further states: "A person resides in the same household with the named insured if that person usually makes his [or her] home in the same family unit, even though he [or she] temporarily lives elsewhere." *Id.*

"Household" has been defined for insurance purposes as generally synonymous with 'family' and as including those who dwell together as a family under the same roof." *Van Overbeke v. State Farm Mutual Automobile Insurance Co.*, 303 Minn 387, 392, 227 N.W.2d 807, 810 (1975). Determinations of "residency" for the purposes of insurance coverage are questions of fact. *See Pederson v. All Nation Insurance Co.*, 294 N.W.2d 693, 695 (Minn. 1980). One of the factors to consider is an individual's ultimate intention to return to some location other than the "family" home. *Fruchtman v. State Farm Mutual Automobile Insurance Co.*, 274 Minn. 54, 57, 142 N.W.2d 299, 301 (1966).

We view the evidence most favorable to MSI, the party against whom the motion for summary judgment was granted. David's residence at his parents' home was not continuous prior to his move into a St. Cloud apartment nine months before the accident. David appears to have established financial independence, both with respect to his educational expenses and his day-to-day living expenses, albeit receiving financial assistance of unknown quality or quantity from his family during the nine

months before his accident. His parents' 1983 income tax returns are not conclusive.

The record does not indicate conclusively whether David intended to maintain a residency at his parents' home. Mere presence of personal belongings in the family home and use of the parental address are not conclusive indices of residency. *See Fruchtman*, 274 Minn. at 57, 142 N.W.2d at 301. The Wochnicks' close and supportive family relationship is not necessarily inconsistent with separate residency.

## DECISION

Reasonable persons could draw different conclusions from the facts contained in the record and summary judgment was therefore not appropriate. This case is remanded for a determination of the "residency" fact issue.

Reversed and remanded.