**STATE FARM FIRE & CASUALTY COMPANY, Appellant,**

v.

**Steven SHORT, George Keller, Respondents.**

No. C3-89-828.

Court of Appeals of Minnesota.

Dec. 5, 1989.
Review Granted Jan. 18, 1990.

Robert W. Murnane, Patrick M. Conlin, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for appellant.

Ralph S. Palmer, Roseville, for respondent Short.

Daniel T. Cody, St. Paul, for respondent Keller.

Heard, considered and decided by WOZNIAK, C.J., and SCHUMACHER and GARDEBRING, JJ.

## OPINION

GARDEBRING, Judge.

The jury found Steven Short to be a resident of his parents' household for purposes of liability coverage under his parents' homeowners policy and personal liability umbrella policy. State Farm Fire & Casualty Co. appeals, contesting opposing counsel's opening statements, jury instructions, and the special verdict interrogatory form. We affirm.

## FACTS

On September 15, 1985, respondent Steven Short was in a bar with his friend respondent George Keller. Keller attempted to stand on Steven's shoulders, fell onto

the floor, and was injured. In 1988, Keller and Steven entered a $997,500 settlement agreement pursuant to *Miller v. Shugart,* 316 N.W.2d 729 (Minn.1982). Keller seeks payment from Steven's parents' homeowners insurance policy and $1 million personal liability umbrella policy. Both policies were issued by appellant State Farm Fire & Casualty Company. State Farm commenced this declaratory judgment action to determine whether Steven was a resident of his parents' household for purposes of coverage under both policies.

Steven Short is 35 years old. He first moved out of his parents' home upon graduating from high school.

In October 1983, Steven moved back into his parents' home. At the time of the accident, he was working full time as a bartender. Steven began spending many hours at his girlfriend's apartment. According to trial testimony, Steven kept his personal belongings at his parents' home and retained their address as his permanent address.

### ISSUES

1. Did respondent's counsel's opening statement improperly inform the jury of the effect of its special verdict answers on the outcome of the case?

2. Did the trial court properly instruct the jury on the elements required to find household residency?

3. Does the evidence support the special verdict and judgment finding Steven Short a resident of his parents' household?

### ANALYSIS

1. *Informing the Jury of the Effect of Its Answers*

In his opening statement, counsel for George Keller stated:

> This lawsuit is brought from State Farm Fire and Casualty against Steven Short and George Keller. And they're asking this court, with your help, to make an adjudication that Mr. Steven Short is not covered under those policies, these two that we are talking about, and that Mr. Keller is not entitled to get

compensation for his injuries from State Farm Mutual as an insurer.

■ Neither the court nor counsel may inform the jury of the effect of its answers on the outcome of an action not involving negligence. Minn.R.Civ.P. 49.01(a) (1989); *Carufel v. Steven,* 293 N.W.2d 47, 48 (Minn.1980). The purpose of this rule is to permit the jury to make findings of ultimate facts, free from bias, prejudice, and sympathy and without regard to the effect of their answers upon the ultimate outcome of the case. *McCourtie v. United States Steel Corp.,* 253 Minn. 501, 516, 93 N.W.2d 552, 562 (1958).

■ However, whether an improper comment warrants a new trial is entirely within the trial court's discretion. *Patterson v. Donahue,* 291 Minn. 285, 287–88, 190 N.W.2d 864, 866 (1971). The trial court's decision will not be reversed absent a showing that appellant suffered prejudice resulting in a miscarriage of justice. *Robinson v. Mack Trucks, Inc.,* 426 N.W.2d 220, 227 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Sept. 28, 1988). The record as a whole must show that the jury could not have reached its verdict without unfair influence. *Jack Frost, Inc. v. Engineered Building Components Co., Inc.,* 304 N.W.2d 346, 352 (Minn.1981).

■ The trial court found the statement by Keller's counsel nonprejudicial because the jury had been told the lawsuit was commenced to determine whether Steven is a resident of his parents' household, and accordingly, whether or not there was insurance coverage. The comments merely advised the jury as to the nature of the case.

State Farm alleges the comments were prejudicial because Keller appeared and testified. Keller is a party to this case and therefore was entitled to testify. His appearance in a wheelchair, displaying his injuries, is not, in and of itself, prejudicial. State Farm raised no other allegation of prejudice or unfair influence on the jury verdict. We find no prejudice or unfair influence entitling State Farm to a new trial.

### 2. Household Residency

State Farm moved for a new trial contending that the trial court erroneously instructed the jury regarding the factors necessary to find household residency and erroneously refused to present State Farm's proposed special verdict form to the jury. The trial court denied the motion.

■ The trial court has broad discretion in determining a new trial motion. The court's decision will not be disturbed on appeal absent a clear abuse of discretion. *Lindstrom v. Yellow Taxi Co.*, 298 Minn. 224, 230, 214 N.W.2d 672, 677 (1974).

■ The State Farm policies owned by Steven's parents define "insured" as the named insured and relatives who are *residents* of the named insured's household. Whether a relative of an insured resides in the insured's household is a question of fact. *Fruchtman v. State Farm Mutual Automobile Insurance Co.*, 274 Minn. 54, 55, 142 N.W.2d 299, 300 (1966). A finding of residency will not be overturned on appeal unless it is clearly erroneous. *Mutual Service Casualty Insurance Co. v. Olson*, 402 N.W.2d 621, 623 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. May 20, 1987).

There are three primary factors to consider in determining residency in the named insured's household:

(1) Living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship " * * * in contracting about such matters as insurance or in their conduct in reliance thereon."

*Firemen's Insurance Co. of Newark, New Jersey v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982) (quoting *Pamperin v. Milwaukee Mutual Insurance Co.*, 55 Wis.2d 27, 37, 197 N.W.2d 783, 788–89 (1972)).

■ Additional factors to be considered include:

(1) age of the person;

(2) whether a separate residence is established;

(3) self-sufficiency of the person;

(4) frequency and the duration of the stay in the family home; and

(5) intent to return.

*Wood v. Mutual Service Casualty Insurance Co.*, 415 N.W.2d 748, 750 (Minn.Ct. App.1987) *pet. for rev. denied* (Minn. Feb. 12, 1988). The fact that belongings remain in the home and the home continues to be the mailing address may be considered, but are not dispositive. *Id.* at 751.

No one single factor controls. Rather, they all merge to create either a portrait of a relationship akin to household membership or one more transient in character. *State Farm Fire & Casualty Co. v. Lawson*, 406 N.W.2d 20, 22 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. June 30, 1987).

■ The trial court's instructions outlined a number of possible bases upon which residency could be determined, all of them consistent with the analysis in *Viktora, Pamperin,* and *Wood.* However, the jury was not instructed to consider whether it would be reasonable for the parties to consider the relationship in contracting for insurance, a portion of the third *Viktora/Pamperin* factors. State Farm argues that the trial court's failure to instruct on this factor precluded the jury from rendering a critical factual determination.

■ A party is entitled to a specific instruction on its theory of the case if there is evidence to support the instruction and it is in accordance with applicable law. *Sandhofer v. Abbott–Northwestern Hospital*, 283 N.W.2d 362, 367 (Minn.1979). Nevertheless, trial courts have broad discretion in selecting the language in the jury charge and in determining the propriety of a specific instruction. *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986). All that is required is that the instructions as a whole conveyed to the jury a clear and correct understanding of the law of the case. *See id.* (quoting *Barnes v. Northwest Airlines, Inc.*, 233 Minn. 410, 421, 47 N.W.2d 180, 187 (1951)). In this instance, the court's instructions fairly represent the variety of factors appropriate to a determination of residency. The omission of a portion of

one factor, where no one single factor could be controlling, is not clearly erroneous.

State Farm also asserts that the trial court erroneously refused to present its proposed special verdict form to the jury. Special verdict interrogatories must cover all of the issues of fact raised by the pleadings and proof. *Hill v. Okay Construction Co., Inc.*, 312 Minn. 324, 340, 252 N.W.2d 107, 118 (1977).

The proposed verdict form required the jury to answer three questions based on each of the three *Viktora/Pamperin* factors. The special verdict form actually presented to the jury consisted of one question: "Was Steven Short a resident of the Roger and Marion Short household on September 15, 1985?" The jury answered, "Yes."

State Farm contends that the trial court's failure to draft the special verdict form to include three questions specifically relating to the *Viktora/Pamperin* factors precluded its ability to fully argue its case to the jury. This contention ignores the rule that no one factor is dispositive of the residency issue. *Lawson*, 406 N.W.2d at 22. Requiring specific answers to State Farm's three questions would have precluded the jury from considering the additional five *Wood* factors and, if the answers to the three questions were not identical, would have forced the trial court to weigh the importance of each residency factor contrary to Minnesota law. We find no error.

### 3. *Sufficiency of the Evidence*

State Farm contends that the evidence fails to support the jury's finding that Steven Short was a resident of his parents' household.

A jury verdict will be sustained if it is possible to do so on any reasonable theory of the evidence. We will set aside a jury verdict only if it is manifestly contrary to the evidence when viewed in the light most favorable to the verdict. *Hughes v. Sinclair Marketing, Inc.*, 389 N.W.2d 194, 198 (Minn.1986).

Significant evidence was presented which was in support of respondents' position that Steven Short was a resident of his parents' household, and which was consistent with the *Viktora/Pamperin* and *Wood* factors.

Testimony revealed that although Steven Short spent many of his nonworking hours at his girlfriend's apartment, he did not have a key to her home. He slept and kept all of his personal belongings in his bedroom at his parents' house. He received mail there and used his parents' address as his permanent address for voting registration, his driver's license, and his vehicle registration. He performed his personal grooming, did household chores, ate meals, entertained friends, and had his laundry cleaned at his parents' home. He did not pay rent but did pay the telephone bills. He used his parents' vehicles. He did not move his belongings out of the home and change his address on his driver's license and other documents until early October 1985 when he moved into a new apartment with his girlfriend.

State Farm has argued that testimony of Roger Short, Steven's father, that the issue of where his son was living "never arose" at the time he renewed his insurance policies, entitled it to a judgment not withstanding the verdict. However, this testimony, considered in the context of all the evidence, is not sufficient to meet the standard in *Hughes*. Therefore, we find that sufficient evidence supports the jury's finding that Steven was a resident of his parents' household.

### DECISION

State Farm fails to demonstrate prejudice or unfair influence on the jury resulting from attorney misconduct in opening statements. The issue of residency in an action commenced by an insurance company may be assumed to implicate insurance coverage. The trial court did not abuse its discretion in denying State Farm a new trial.

The trial court did not err in instructing the jury nor in formulating the special verdict. The jury was permitted to consider

the totality of the facts and the trial court was not forced to weigh the importance of each factor in determining whether Steven Short was a resident of his parents' household.

The verdict and judgment are supported by the evidence and are not contrary to law.

Affirmed.

SCHUMACHER, Judge (dissenting).

I would reverse for a new trial. State Farm introduced Roger Short's testimony which indicated that the issue of where Steven Short was living never arose when the insurance policies were renewed. This supports State Farm's theory of the case that Steven Short was not considered when his parents contracted for the renewal of their insurance policies. State Farm is entitled to have the jury consider this evidence in determining the residency issue. *See Sandhofer v. Abbott–Northwestern Hospital*, 283 N.W.2d 362, 367 (Minn.1979). The trial court's jury instructions, therefore, erroneously omitted the portion of the third *Pamperin* factor which requires the jury's consideration of whether it is reasonable to conclude that the parties would consider the relationship in contracting for insurance. *See Fireman's Insurance Co. of Newark, New Jersey v. Viktora*, 318 N.W.2d 704, 706 (Minn.1982). This substantially prejudiced State Farm's case. *See Lindstrom v. Yellow Taxi Co. of Minneapolis*, 298 Minn. 224, 229, 214 N.W.2d 672, 676 (1974). The jury instructions failed to convey to the jury a clear and correct understanding of the law of the case. *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986) (quoting *Barnes v. Northwest Airlines*, 233 Minn. 410, 421, 47 N.W.2d 180, 187 (1951)).

For these reasons, I respectfully dissent.