Jeffrey Robert SCHOER, Respondent,

v.

WEST BEND MUTUAL INSURANCE COMPANY, Appellant.

No. C8–90–2404.

Court of Appeals of Minnesota.

July 9, 1991.

74

James E. Malters Von Holtum, Malters & Shepherd, Worthington, for Jeffrey Robert Schoer, respondent.

Paul T. Eidsness Moss & Barnett, Minneapolis, West Bend Mut. Ins. Co., appellant.

Considered and decided by PARKER, P.J., and NORTON, and SCHUMACHER, JJ.

## OPINION

NORTON, Judge.

Appellant, West Bend Mutual Insurance Company (West Bend), seeks review of judgment declaring respondent, Jeffrey Robert Schoer, a resident of his mother's household under her automobile insurance policy issued in Wisconsin.

## FACTS

Schoer was injured in a single vehicle accident while riding as a passenger in an automobile near Waseca, Minnesota on August 25, 1988. He received a partial recovery for his injuries from the driver's automobile insurance carrier. Because Schoer did not have his own automobile insurance policy, he sought underinsured motorist benefits from his mother's policy issued by West Bend. West Bend denied coverage saying that Schoer was not living with his mother, Ruth Ann Schoer, in her home in Stevens Point, Wisconsin as required under the terms of the policy.

Since 1984, when his parents divorced and he left high school, Schoer has spent a considerable amount of time away from his mother's home. He would live with his mother and work in Wisconsin for a few months and then stay with his father or friends and work in Minnesota for a few months. He also stayed, periodically for a year, with a girlfriend with whom he had a child. However, he frequently went home to his mother. Schoer lived out of a suitcase when he was away from his mother's home. At the time of the accident, Schoer had completed his first year as a student at Southwest Technical Institute and was living in Jackson, Minnesota.

## ISSUES

1. Are the legal issues raised in West Bend's motion for summary judgment properly before this court on appeal?

2. Does Minnesota statute section 65B.50 require that the nonresident West Bend insured vehicle be present in Minnesota at the time of the accident giving rise to Schoer's claim?

3. Does the evidence support the jury's finding that Schoer was a resident of his mother's household?

4. Should the limit of underinsured coverage be the statutory minimum rather than as stated in the policy?

## ANALYSIS

### I.

■ On appeal from a judgment, this court may review any order involving the merits or affecting the judgment. Minn. R.Civ.App.P. 103.04. Although an order denying summary judgment is not appealable, it may be reviewed as part of an appealable judgment. *Peterson v. Brown*, 457 N.W.2d 745, 748 (Minn.App.1990), *pet. for rev. denied* (Minn. Aug. 23, 1990).

In this case, West Bend's motion for summary judgment was denied. West Bend properly appealed from judgment for Schoer. Therefore, the issues raised in the summary judgment motion are reviewable in this appeal.

### II.

Both parties agree that Minnesota law is controlling in this case. Construction of the Minnesota no-fault automobile insurance act is a question of law and is subject to de novo review on appeal. *Doe v. State Bd. of Medical Examiners*, 435 N.W.2d 45, 48 (Minn.1989).

■ West Bend contends that Ruth Ann Schoer's nonresident automobile insurance policy should be interpreted under Minn. Stat. § 65B.50 (1988) which states in pertinent part:

Subdivision 1. Every insurer licensed to write motor vehicle accident reparation and liability insurance in this state shall * * * afford at least the minimum security provided by section 65B.49 to all policy holders, except that in the case of nonresident policyholders it need only certify that security is provided with respect to accidents occurring in this state.

Subd. 2. Notwithstanding any contrary provision in it, every contract of liability insurance for injury, wherever issued, covering obligations arising from ownership, maintenance, or use of a motor vehicle * * * includes basic economic loss benefit coverages and residual liability coverages * * * while the vehicle is in this state * * *.

West Bend concludes that the insured vehicle would have to be in Minnesota at the time of Schoer's accident before West Bend is required to extend underinsured coverage to Schoer.

■ Section 65B.50 imposes underinsured liability coverage in a nonresident's automobile insurance policy issued by an out-of-state insurer, licensed to do business in Minnesota, where there is no provision for coverage already existing in the policy. *See Western Nat'l Mut. Ins. Co. v. State Farm Ins. Co.*, 374 N.W.2d 441, 445 (Minn. 1985). Subdivision 1 requires that insurers licensed in Minnesota provide the minimum coverage mandated by the act or in the case of nonresident policyholders, certification of the same with respect to accidents occurring in this state. Subdivision 2 requires that a covered nonresident vehicle be in Minnesota at the time of an accident giving rise to a nonresident's claim before liability can be imposed on the nonresident's insurer. *See id.*

In this case, underinsured coverage does not need to be imposed by section 65B.50 because it is already written into the West Bend insurance policy and premiums were paid for the coverage. *See id.* at 442 (where nonresident insured paid no premiums for no-fault coverage, coverage is imposed under 65B.50 if insured vehicle is in state at time of accident). Therefore, section 65B.50 does not apply under the facts of this case and the West Bend insured vehicle was not required to be in Minnesota at the time of the accident to extend coverage to Schoer.

### III.

■ Whether Schoer was a resident of his mother's household at the time of the

accident is a fact question. *See Frucht-man v. State Farm Mut. Auto. Ins. Co.,* 274 Minn. 54, 55, 142 N.W.2d 299, 300 (1966). On appeal, the jury's verdict that Schoer is a resident of his mother's household must be upheld unless it is manifestly and palpably contrary to the weight of the evidence when considered in the light most favorable to the prevailing party. *See Flom v. Flom,* 291 N.W.2d 914, 916 (Minn. 1980).

West Bend argues that Schoer is not insured because he was not living with his mother at the time of the accident. The terms of her nonresident policy stated that a relative must be living with the named insured to be included under the insurance coverage.

■ An insured under the Minnesota no-fault automobile insurance act includes: persons not identified by name as an insured while * * * residing in the same household with the named insured * * *.

＊　　＊　　＊　　＊　　＊　　＊

(2) other relative of a named insured * * *

＊　　＊　　＊　　＊　　＊　　＊

A person resides in the same household with the named insured if that person's home is usually in the same family unit, even though temporarily living elsewhere.

Minn.Stat. § 65B.43, subd. 5 (1988). There are three factors which determine residency in the named insurer's household:

(1) Living under the same roof; (2) in a close, intimate and informal relationship; and (3) where the intended duration is likely to be substantial, where it is consistent with the informality of the relationship, and from which it is reasonable to conclude that the parties would consider the relationship " * * * in contracting about such matters as insurance or in their conduct in reliance thereon."

*Fireman's Ins. Co. v. Viktora,* 318 N.W.2d 704, 706 (Minn.1982) (quoting *Pamperin v. Milwaukee Mut. Ins. Co.,* 55 Wis.2d 27, 37, 197 N.W.2d 783, 789 (1972) (citations omitted)). The factfinder considers:

(1) age of the person;

(2) whether a separate residence is established;

(3) self-sufficiency of the person;

(4) frequency and the duration of the stay in the family home; and

(5) intent to return.

*Wood v. Mutual Serv. Casualty Ins. Co.,* 415 N.W.2d 748, 750 (Minn.App.1987), *pet. for rev. denied* (Minn. Feb. 12, 1988). Personal possessions remaining in the home and that the home continues to be the mailing address may be considered but are not dispositive. *Id.* at 751. A determination of residency in a household is fact specific to each case. *Id.* at 750.

■ Schoer's age of 21 years at the time of the accident does not preclude him as a resident of his mother's household. *See Skarsten v. Dairyland Ins. Co.,* 381 N.W.2d 16 (Minn.App.1986), *pet. for rev. denied* (Minn. Mar. 27, 1986) (24–year–old college student was resident of parents' household); *Morgan v. Illinois Farmers Ins. Co.,* 392 N.W.2d 37 (Minn.App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986) (21–year–old college student was resident of parents' household). Although Schoer lived in Jackson when attending school, he returned home as often as possible and did not establish a permanent residence separate from his mother's household. *See Skarsten,* 381 N.W.2d at 17 (daughter lived at college and in past had established residency in California for school tuition purposes). Additionally, Schoer was not totally self sufficient. He received financial support when needed from his mother.

Finally, Schoer returned home as often as possible. He frequently went home on weekends and holidays whenever a ride was available. In his post high school years, Schoer lived in many different places for short periods of time, but would spend time at home, including a few months at a time. He considered his mother's home as his permanent residence. *See id.* at 19 (daughter's absence from home was of a temporary nature because she intended to return if only for weekends and holidays and considered the home to be her permanent residence). Schoer also stayed with

his mother for several weeks while recuperating from his injuries. *See Morgan,* 392 N.W.2d at 39 (daughter staying with parents for several weeks while recuperating from injuries resulting from accident is one indicator of her being a resident of parents' household).

This case is distinguishable from college student cases where the students were self-supporting and did not intend to return to their parents' residences following college. *See Van Overbeke v. State Farm Mut. Auto. Ins. Co.,* 303 Minn. 387, 389, 227 N.W.2d 807, 810 (1975); *Fruchtman v. State Farm Mut. Auto. Ins. Co.,* 274 Minn. 54, 56–57, 142 N.W.2d 299, 301 (1966).

Because this court does not substitute its views for those of the jury, we cannot say that the jury finding was contrary to the weight of the evidence when considered in a light favorable to Schoer.

### IV.

When a court imposes insurance coverage on parties by law rather than by contract, the only coverage imposed is the statutory minimum. *State Farm Mut. Auto. Ins. Co. v. Feldman,* 359 N.W.2d 57, 59 (Minn.App.1984). In this case, West Bend and Ruth Ann Schoer contracted for underinsured motorist coverage up to a limit of $100,000. Coverage was not imposed by law. Schoer is entitled to coverage up to $100,000.

### DECISION

Minnesota Statutes section 65B.50 does not apply under the facts of this case where underinsured liability coverage was written into the West Bend automobile insurance policy and premiums were paid for the coverage. The evidence sustains the jury finding that Schoer was an insured under his mother's insurance policy at the time of the accident. Therefore, he is entitled to underinsured coverage up to the policy limits for his injuries.

Affirmed.