# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-3683

———————————————

State Farm Mutual Automobile Insurance Company

*Plaintiff - Appellee*

v.

Phillip J. Merrill, Trustee for the heirs and next-of-kin of P.B., a minor, deceased

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of Minnesota

——————————

Submitted: February 11, 2020
Filed: March 11, 2020

——————————

Before LOKEN, BENTON, and KELLY, Circuit Judges.

——————————

BENTON, Circuit Judge.

A wrong-way driver crashed into Dawn Chiodo's Jeep, killing her, her daughter Dylan Bailey, and her two-year-old grandson, P.B. Grandmother and mother were co-leasing a home, where they resided with the child. After a settlement, the only remaining coverage was for underinsured motorists under Bailey's policy for her Toyota (not involved in the accident). The policy did not name P.B. as an

insured. State Farm Mutual Automobile Insurance Company denied the demand on behalf of P.B. by Phillip J. Merrill, the Trustee. State Farm sued for declaratory judgment.

The district court[1] granted judgment on the pleadings to State Farm. The court ruled that Bailey's policy did not provide underinsured motorist coverage to P.B. *State Farm Mut. Auto. Ins. Co. v. Merrill*, 353 F. Supp. 3d 835, 845 (D. Minn. 2018). The court correctly reasoned that this issue "turns on Minnesota's No-Fault Act, and on Minnesota case law interpreting that statute." *Id.* at 841-42, *citing* **Minn. Stat. § 65B.49**, subdiv. 3a*, and* ***West Bend Mut. Ins. Co. v. Allstate Ins. Co.***, 776 N.W.2d 693, 697 (Minn. 2009). The "primary" source of underinsured motorist coverage is the occupied vehicle's policy. *Id.* at 842, *quoting* ***West Bend***, 776 N.W.2d at 699. An injured person who is not an "insured" of the occupied vehicle may also seek "excess insurance protection" from another policy's underinsured motorist coverage. *Id.*, *quoting* ***Becker v. State Farm Mut. Auto Ins. Co.***, 611 N.W.2d 7, 11 (Minn. 2000) (analyzing Minn. Stat. § 65B.49, subdiv. 3a(5)). The No-Fault Act defines "insured" as "the named insured and a (1) spouse, (2) other relative of a named insured, or (3) a minor in the custody of a named insured or of a relative residing in the same household with a named insured, who is (a) residing in the same household with the name insured and (b) not identified by name in any other auto insurance policy." *Id.* at 842-43, *quoting* **Minn. Stat. § 65B.43**, subdiv. 5.

The district court ruled that P.B. was an "insured" of Chiodo's Jeep policy. *Id.* at 843. P.B., a minor, resided with his grandmother Chiodo and his mother Bailey. *Id., analyzing* **Minn. Stat. § 65B.43**, subdiv. 5(a). He "was not identified by name in any other auto insurance policy." *Id., analyzing* **Minn. Stat. § 65B.43**, subdiv.

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

5(b). On de novo review, this court agrees that P.B. was an insured of Chiodo's Jeep policy, and therefore ineligible for excess insurance protection under Bailey's policy.[2]

On appeal, the Trustee argues that this court should look to Minnesota cases not cited to the district court. The Trustee's cases are inapposite because they interpret "insured" for injured persons with multiple residences. *See Firemen's Ins. Co. v. Viktora*, 318 N.W.2d 704, 705 (Minn. 1982) (holding adult resided in parents' home despite renting separate apartment in another town); *Skarsten v. Dairyland Ins. Co.*, 381 N.W.2d 16, 19 (Minn. Ct. App. 1986) (holding college student resided at family farm despite renting separate apartment near campus). The complaint does not state facts supporting a reasonable inference that P.B. had multiple residences or was temporarily living elsewhere. *See* **Minn. Stat. § 65B.43**, subdiv. 5. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009). In fact, the Trustee admits that P.B. lived with Chiodo before the crash. The district court properly applied the statutory definition of "insured."

State Farm argues that the notice of appeal did not appeal the judgment on the pleadings. The Trustee's notice stated that it appealed:

> . . . the judgment entered on November 20, 2018 (Docket No. 58) and the District Court's corresponding Memorandum Opinion and Order of the same date (Docket No. 57) granting Plaintiff's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[2]The district court noted that the "no-fault" benefits State Farm paid the Trustee for P.B.'s hospital treatment after the crash are governed by a distinct statutory scheme unrelated to the underinsured motorist issue. *Id.* at 840 n.6. *Compare* **Minn. Stat. § 65B.47**, subdiv. 4 (no-fault)*, with* **Minn. Stat. § 65B.49**, subdiv. 3a (underinsured motorist).

Both the judgment and order also granted judgment on the pleadings under Rule 12(c). The notice of appeal correctly designated, by date and docket number, the judgment being appealed. *See* **Fed. R. App. P. 3(c)(1)(B)**. True, the end of the notice did not include the "part" of the judgment and order intended to be appealed. *See id.* However, this court construes notices of appeal liberally where the intent is apparent and the adverse party is not prejudiced. *Spectra Commc'ns Grp., LLC v. City of Cameron*, 806 F.3d 1113, 1118 (8th Cir. 2015). This court has jurisdiction over the appeal because the notice designated the correct judgment and the parties have addressed the merits of the judgment on the pleadings in their briefs. *See Haberthur v. City of Raymore*, 119 F.3d 720, 722 (8th Cir. 1997) (holding court had appellate jurisdiction where notice of appeal designated a different motion resolved by the same judgment and order). *Cf.* *USCOC of Greater Missouri v. City of Ferguson*, 583 F.3d 1035, 1040 (8th Cir. 2009) (holding that notice of appeal was insufficient because it referred to a different order).

Having jurisdiction under 28 U.S.C. § 1291, this court affirms the judgment of the district court.

_____